✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__WILLIAM ISAAC SMALLS__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:96cr75 & 4:97 cr 115

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

  ___ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ___ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ___ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____    _____
*Date*    *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:96 cr 75 & 4:97 cr 115

UNITED STATES OF AMERICA,

Vs.                                                              ADDENDUM TO
                                                                 DETENTION ORDER

WILLIAM ISAAC SMALLS.

_____

**I. FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II.**                              **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve allegations contained in a petition and addendum to petition alleging that the defendant has violated terms and conditions of his supervised release. The defendant was serving a term of supervised release in regard to his convictions for two counts of bank robbery for which he was sentenced on December 1, 1997. The underlying offense thus involved crimes of violence. The defendant is alleged to have violated the terms and conditions of supervised release by testing positive for the use of marijuana on April 2, 2009 and September 14, 2009 and it is further alleged the defendant tested positive for the use of cocaine and marijuana on October 29, 2009. As a result, the underlying offense involves a narcotic drug or controlled substance.

**(g)(2):** The weight of the evidence against the person as to the allegations contained in paragraph one of the petition and paragraph six of the addendum to petition have been shown to exist by substantial and convincing evidence. The weight of the evidence in regard to the allegations contained in paragraphs two, four and five is at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant is in poor physical health having severe pain in his knees. The defendant recently married and as a result, he has family ties in Buncombe County, NC. He also have family ties in Winston-Salem, NC and in the state of South Carolina. The defendant had employment up until the date of his arrest on November 6, 2009. The defendant has had a history of residence in the Western North Carolina community. The defendant's criminal record shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Burglary, GA | 01/11/80 |
| Burglary, GA | 01/11/80 |
| Being a convicted felon in possession of a firearm, U.S. District Court, LA | 10/26/83 |
| Burglary, GA | 10/07/85 |
| Theft by taking financial transaction card fraud, theft by shoplifting | 09/02/86 |
| Felony larceny | 09/14/90 |
| Felony larceny | 09/14/90 |
| Felony sell and delivery of a schedule II controlled substance | 09/14/90 |
| Escape | 09/17/91 |
| Possession of cocaine, theft by shoplifting, possession and delivery of counterfeit substance | 02/10/95 |

2 counts of bank robbery, U.S. District Court, Western District of
N.C.                                                                                              12/01/97

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release when the offenses described in the petition and addendum to petition allegedly occurred.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has 14 felony convictions for either crimes relating to larceny or felony possession of controlled substances. The defendant is now alleged to have violated the terms and conditions of his supervised release by continuing to use marijuana despite the prohibition that he not use that substance. It is now alleged the defendant has tested positive for the use of cocaine. The use of these substances by a person creates a risk of harm or danger to any other person or the community and certainly does so when those crimes are committed by a person who has the criminal of the defendant. The evidence is clear and convincing that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has been convicted of escape, on the other hand, he has never failed to appear at any type of court proceeding and in regard to the allegations contained in the petition, the defendant voluntarily submitted himself to the Marshal's service for arrest at the United States Courthouse in Asheville, NC. As a result, the undersigned is not convinced by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: November 13, 2009

Dennis L. Howell
United States Magistrate Judge